IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONNA L. SHUBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: CV-03-HS-3445-S |
| ) | |
| HEALTHSOUTH CORP., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter came before the Court on the Motion to Dismiss Title VII claims, filed by the Defendant (doc. 5), which the Court converted to a Motion for Summary Judgment in its Order of July 15, 2004 (doc. 29). This is a civil action, filed by the Plaintiff, Donna Shubert, against the Defendant, HealthSouth Corporation, for: 1) gender discrimination and sexual harassment pursuant to Title VII (Count One), 2) retaliation under Title VII (Count Two); 3) assault (Count Three), and 4) negligent hiring, training, supervision, and retention (Count Four).

The Complaint alleges that, while working as a registered nurse for the Defendant, the Plaintiff received threats and harassment from a co-employee. After reporting the incidents to her supervisor, she claims that adverse employment action was taken against her. The particular issue before the Court at this time is whether the Plaintiff filed her charge of discrimination with the EEOC within the time prescribed by law.

It is undisputed that Plaintiff's charge of discrimination was filed on April 11, 2003. Pursuant to 42 U.S.C. § 2000e-5(e)(1), a claim of discrimination pursuant to Title VII is a condition precedent to the bringing of a Title VII civil action, and such claim must be filed within 180 days

of the act complained of. The last adverse employment action complained of is that the Plaintiff was terminated. Thus, the issue before the Court was whether Plaintiff's date of her termination occurred within 180 days of April 11, 2003, that is, on or after October 13, 2002.

The following documents were filed in connection with the HealthSouth motion:

A. Amended Complaint

B. Plaintiff's Charge of Discrimination (with sworn statement attached thereto)

C. Correspondence (April 30, 2003) from EEOC to Plaintiff asking for exact date of termination and documentation concerning same.

D. Correspondence (May 6, 2003) from Attorney Saxon's office responding to EEOC correspondence of April 30, 2003.

E. EEOC Notice of Right to Sue

F. Correspondence (October 23, 2003) from Alabama Dept. of Industrial Relations re: Unemployment Compensation.

G. Correspondence (October 30, 2003) from Atty John Saxon responding to ADIR letter of October 23, 2003.

H. ADIR Decision on Unemployment Claim.

I. Declaration of John Estis with attached "Personnel Action Form and Job Data form"

J. Declaration of Sarah Williamson

K. Declaration of Kimberly Pretnar with attached "fax transmittal sheet"

L. Affidavit of Donna L. Shubert.

The Court excluded items D., E., F., and G. as not being in compliance with Fed. R. Civ. P. 56 and/or as inadmissible hearsay, offered for the truth of the statement contained therein.

The Affidavit of Donna L. Shubert, L. above, unequivocally states that her date of termination was "October 16, 2002," and that she was "not present at HealthSouth between September 26, 2002 and October 16, 2002. Before October 16, 2002, I was never told by anyone working for HealthSouth that I had been terminated." Were this the only sworn statement of the Plaintiff regarding the date of her termination, it would create a "genuine issue of material fact."[1]

However, Ms. Shubert's prior sworn statement in her EEOC charge of discrimination stated:

> In the first week of September 2002, while [Ms. Shubert] was on suspension, [she] called [work] and spoke with Ms. Williams and asked her what was going on with [Ms. Shubert's] employment. .... The next day, Ms. Williams telephoned and asked [Ms. Shubert] to come in [to work]. Once [Ms. Shubert] arrived at work, [Ms. Shubert] was directed by a secretary to go to Ms. Bush's office. .... Thereafter, Ms. Williams and April LNU [Cobb] come [sic] into Ms. Bush's office. April LNU [Cobb] states [to Ms. Shubert], "We have some bad news. Corporate has decided to terminate you. You're no longer working with us."

Counsel for Ms. Shubert, during argument, stated that his "office"[2] had prepared Ms. Shubert's sworn EEOC statement and commendably accepted responsibility for the dates in that statement. Plaintiff's counsel did not offer any explanation for the dates being different than those contained in Ms. Shubert's Affidavit. Even if he had, the Court would not have been able to consider counsel's in-court arguments as testimony. Fed. R .Civ. P. 56(c).

Counsel for Ms. Shubert argued that Ms. Shubert had, through her attorney's letter, told the

---

[1] Defendant, through the Declaration of Sarah Williamson, asserts that "At the meeting on October 1, 2002, we [Julianne Bush and Sarah Williamson] informed Ms. Shubert that she was terminated ...." The "Personnel Action Form and Job Data form" submitted under the Declaration of John Estis, shows that the last date for which Ms. Shubert was paid was September 27, 2002.

[2] Apparently not counsel himself.

3

Alabama Department of Industrial Relations that she had been terminated on October 16, 2002. That letter, for the reasons stated above, was excluded by the Court. However, even if the Court had considered the letter, nowhere in the letter is any explanation offered for the change from her sworn EEOC statement.

Counsel argued that the Alabama Department of Industrial Relations had "adjudicated" that her termination date was October 16, 2002. However, no authority (state or Federal) was cited for the position that an Alabama Department of Industrial Relations determination must include, as an essential element, the date of the claimant's termination, nor has the Court found any such authority. To the contrary, unreviewed state administrative hearings have no preclusive effect on Federal Title VII discrimination claims. See, e.g., *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 796 (1986); *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1022 (11th Cir. 2001).

Plaintiff also argued that because the EEOC could have "checked the box" denying Ms. Shubert's claim as untimely, but did not do so, the EEOC had found the claim to be timely. This is at best ambiguous: failure to find the claim was untimely could as easily have meant that the EEOC could not determine whether the claim was timely or untimely, and therefore was issuing a right to sue letter. The failure of the EEOC to "check the box" is not the same as an affirmative finding of fact by the EEOC as to Ms. Shubert's termination date.

What is the effect of a right to sue letter vis-a-vis a Plaintiff's obligation to meet statutory prerequisite to filing suit? Moreover, it offers no explanation for the contradiction by her of her prior sworn EEOC statement.

Plaintiff's argument that she had, prior to Defendant's Motion, told the Alabama Department of Industrial Relations and the EEOC that she had been terminated on October 16, 2002, does not

4

help the Court because, again, such argument does not offer any explanation for the contradiction by her of her prior sworn EEOC statement.

Under Rule 56(e) of the Federal Rules of Civil Procedure, once a motion for summary judgment is made and supported, it is incumbent upon the non-moving party to demonstrate the existence of a genuine dispute of material fact. Under Rule 56(e), the non-moving party may not rest upon the mere allegations or denials of the adverse party's pleading. The non-moving party's response by affidavit or as otherwise provided in the rule must provide <u>specific facts that are admissible in evidence</u> showing that there is a genuine issue for trial. It is not sufficient for the non-moving party to simply attack the credibility of the moving parties' affidavit(s) without a contrary factual showing; the Rule accepts the moving party's affidavits as accurate until the non-moving party produces a counter affidavit or other admissible evidence demonstrating that the moving party's affidavit is disputed, and therefore a question for the trier of fact. The non-moving party must demonstrate to the court that there is sufficient evidence to establish a genuine issue of material fact for trial. *Celotex Corp v. Catrett*, 477 U.S. 317, 324 (1986). A party seeking summary judgment is entitled to have the motion granted only if he or she establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R .Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). However, "when a party has given clear answers ... which negate the existence of any genuine issue of material fact [for summary judgment], that party cannot thereafter create such an issue with an affidavit that merely contradicts,

*without explanation*, previously given [sworn] testimony." *Van T. Junkins and Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir. 1984) (emphasis added), cited in *McCormick v. City of Fort Lauderdale*, 334 F.3d 1234, 1240 (11th Cir. 2003).

The filing of discrimination charges with the EEOC is a condition precedent to the bringing of a Title VII civil action, and such action must be brought within 180 days of the alleged discriminatory action. 42 U.S.C. § 200e-5(e)(1). "If the plaintiff fails to file before this time elapses, the plaintiff's claim is untimely and is therefore procedurally barred for failure to exhaust her administrative remedies." *Anderson v. Twichell*, 76 F.Supp.2d 1279, 1292 (M.D. Ala. 1999) *citing Delaware State College v. Ricks*, 449 U.S. 250, 256 (1980); *Everett v. Cobb Co. Sch. Dist.*, 138 F.3d 1407, 1410 (11th Cir. 1998).

In the absence of any proffered explanation for the contradictory sworn statements by the Plaintiff, specifically the direct contradiction by Ms. Shubert's Affidavit of her prior sworn EEOC statement, the Court finds, as it must under controlling law, that she has not created a material factual dispute as to her date of termination, and specifically that she was terminated more than 180 days prior to the date on which she filed her EEOC Charge of Discrimination. *Van T. Junkins and Assoc., Inc. v. U.S. Industries, Inc., supra,* 736 F.2d at 657. Having disregarded the portion of Plaintiff's Affidavit which contradicts her prior sworn EEOC statement, but considering the admissible evidence in the light most favorable to the Plaintiff, an October 1, 2002 termination date is the latest date supported. October 1, 2002 is more than 180 days prior to April 11, 2003, the date on which Ms. Shubert filed her EEOC Charge of Discrimination. Thus, Ms. Shubert failed to satisfy jurisdictional prerequisites to the filing of her Title VII claims (Counts One and Two), and HealthSouth is entitled to judgment as to such claims.

Defendant's Motion for partial summary judgment will therefore be granted.

An Order follows.

                                            **VIRGINIA EMERSON HOPKINS**
                                            United States District Judge

This __4__ day of August, 2004.